MOLLY M. REZAC
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
ERICA J. KELLY
Nevada Bar No. 12238
erica.kelly@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia, 8th Floor
Reno, NV  89501
Telephone:  775.440.2373
Fax:  775.440.2376
*Attorneys for Defendant Walgreen Co.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON T. BRANSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WALGREEN CO.,<br><br>　　　　　　Defendant. | Case No.: 3:15-cv-00203-LRH-WGC<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |

Plaintiff Shannon T. Branson ("Plaintiff"), has filed an action in the above captioned court against Defendant Walgreen Co. ("Defendant" and/or "Walgreen") alleging:  Discriminatory Termination and Failure to Promote under the American with Disabilities Act ("ADA"). Defendants deny Plaintiff's allegations and that he is entitled to any relief.

Plaintiff is expected to and has requested confidential, non-public information and documents from Walgreen. "Confidential Information" is defined as:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; and/or (f) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions, during which the aforementioned proprietary, trade secret, confidential and/or private information and documents of the Parties will be exchanged and disclosed. To expedite the flow of discovery without risk of automatic waiver of privilege or work product protection, facilitate the prompt resolution of disputes over confidentiality, and to protect adequately material entitled to be kept confidential, the Parties agree to limit the disclosure and use of proprietary, trade secret, confidential and private information and documents as stipulated, pursuant to this Protective Order on the following terms:

## I. DEFINITIONS

The following definitions shall apply to this Protective Order:

A. This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

B. "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any Party to this Action or any third parties.

C. "Party" shall mean the Plaintiff and Defendant in this Action, and any other person that may become a named Party to this Action.

D. "Confidential Information" shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure pursuant to this Protective Order. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

E. "Legend" as used herein shall mean a stamp or similar insignia stating Confidential.

F. When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

## II. DESIGNATION OF INFORMATION AND DOCUMENTS

A. When any document or things produced under this Protective Order are designated Confidential, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation.

B. Some documents being produced by both Plaintiff and Defendant may contain social security numbers of Plaintiff and/or Walgreen's employees. Without need of any designation, social security numbers will be deemed to be Confidential. The Parties will make an effort to redact all social security numbers prior to production. In the event a document is produced without the redaction of a social security number, any Party seeking to use the document will redact the social security number before its use in a deposition, court proceeding or court filing.

C. The initial failure to designate information or documents as Confidential in accordance with this Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate. Upon receipt of such notice, the receiving Party shall promptly mark its copies of the information or documents so designated, and shall thereafter, treat the information and documents as if it had been designated Confidential and shall restrict the disclosure or use of the information or documents in accordance with this Protective Order. If the information or documents have

previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Protective Order and as though the information and documents were originally so designated.

### III. LIMITATIONS

A. This Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action, and used in the prosecution and defense of this Action.

B. Persons obtaining access to Confidential Information under this Protective Order shall use the information only for the preparation of and the trial in this Action. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

C. Nothing contained in this Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Protective Order shall authorize any use of documents or information which is otherwise impermissible.

### IV. PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential Information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Protective Order and/or to: (a) the Parties in this Action, including their agents, officers, directors and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in this Action; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c)

4

experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to this Action or their counsel to assist in preparation of this Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in this Action; (f) people who have previously received or created the document; and (g) witnesses in this Action who need to review this material in connection with their testimony in this Action. Confidential Information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Protective Order and agrees to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A. In the event an authorized person does not execute Exhibit A expressly agreeing to be bound by the Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

## V. **DECLASSIFICATION**

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential or Attorneys' Eyes Only shall be treated as such under this Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A. At any time, the receiving Party of any document or information designated Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally. In the event that such attempts are not successful, the designating Party may file a motion seeking to uphold the designation, and the Court shall make an independent determination as to whether or not any given document or information is Confidential and/or properly redacted based upon facts then existing, and in so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be

      deemed Confidential unless and until the Court rules otherwise. The Party or entity making the designation must show that there is good cause for the document or information to have such protection.

  B.  In the event that any Party files a motion to uphold a designation or redaction of information, the document or information shall be submitted to the Court for *in camera* inspection.

## VI. DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

  A.  In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, as Confidential, may be made by a statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this order.

  B.  A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII. DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

In the event that any Confidential document or information, or information derived therefrom is included with, or the contents thereof are disclosed in any documents filed with the

1  Clerk of this Court or any other court, including, without limitation, any pleadings, motion papers,
2  briefs or deposition transcripts, such documents shall be filed under seal pursuant to Local Rule 10-
3  5 bearing the words: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED
4  _____," or filed through the Court's ECF system under seal and, subject to the Court's
5  convenience and needs, kept under seal by the Clerk until further order of the Court.

## VIII. DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION

Any time it is anticipated that a Confidential document or deposition discussing confidential matters is to be brought before the Court, the Party bringing the confidential matter will disclose it to the Court and request the hearing or trial be sealed. Further, the Parties may request that the Court designate portions of the trial and/or hearing containing Confidential material to be sealed.

## IX. SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information Confidential. The Party that received the subpoena shall object to production under Rule 45, Federal Rules of Civil Procedure, or any similar rule protecting the production of Confidential documents in that proceeding. After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

## X. CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Information or documents; provided, however, that in rendering such advice and

1  otherwise communicating with such clients, counsel shall not make specific disclosure of any items
2  so designated except pursuant to the procedures in Paragraph IV above.

3  **XI.   COPIES OF DESIGNATED INFORMATION**

4  The attorneys of record are responsible for employing reasonable measures, consistent with
5  this Protective Order, to control duplication of, access to, and distribution of copies of Confidential
6  Information. Parties shall not duplicate Confidential Information or documents except working
7  copies and for filing in Court under seal. All copies of any Confidential Information or documents
8  shall be treated as provided in this Protective Order. Any Party making, or causing to be made
9  copies of any such documents shall make certain that each such copy bears the appropriate Legend
10 pursuant to the requirements of this Protective Order.

11 **XII.  NO WAIVER**

12 A. No Confidential Information or documents shall lose such status under this Order as
13 the result of the use of such information or documents in any hearing, trial, or other
14 court proceeding in this Action, provided that such use is consistent with the terms
15 of this Protective Order. Counsel to the Parties in this Action shall confer at least
16 five (5) days before any such hearing, trial, or other court proceeding in order to
17 work out any objections to the use of any Confidential Information or documents in
18 such court proceeding and to make such amendments to this Stipulated Protective
19 Order which the Parties agree are necessary to assure the continued confidentiality
20 of such information.

21 B. Notwithstanding anything to the contrary contained herein, all objections as to
22 admissibility in evidence of the discovery material subject to this Protective Order
23 are reserved and are not waived by any terms of this Protective Order. The use of
24 Confidential Information and documents as evidence at trial shall be subject to this
25 Protective Order unless otherwise agreed to by the Parties or modified by the Court.

    C.    The inadvertent disclosure of Confidential Information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

    D.    The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

## XIII. NON-TERMINATION

The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon the final disposition of this Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential. Counsel for either Party may use the Confidential Information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential Information or documents in any subsequent lawsuit.

## XIV. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

    A.    The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, provided that—consistent with the provisions of F.R.C.P. 26(b)(5)—the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production.

    B.    Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the

information if the receiving Party previously provided the information to third parties.

C. The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may present the information under seal to the Court for a determination. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in anyway (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

IT IS SO STIPULATED.

Dated this 21st day of September, 2015.

| LAW OFFICE OF TERRI KEYSER-COOPER | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| /s/ Terri Keyser-Cooper<br>Terri Keyser-Cooper<br>3590 Barrymore Dr.<br>Reno, NV 89512<br><br>Ian E. Silverberg<br>Law Office of Ian E. Silverberg<br>227 Clay St.<br>Reno, NV 89501<br>*Attorneys for Plaintiff* | /s/ Molly M. Rezac<br>Molly M. Rezac<br>Erica Kelly<br>200 S. Virginia, 8th Floor<br>Reno, NV 89501<br>Telephone: 775.440.2373<br>*Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

_____
Dated

## *EXHIBIT A*
## UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION

I hereby state that I have read and received a copy of the Stipulated Protective Order governing the Confidentiality of Documents and Information (the "Order") in *Shannon T. Branson v. Walgreen Co.*, Case No.: 3:15-cv-00203-LRH-WGC pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the order.

_____
Signature

_____
Printed Name:

_____
Dated