MOLLY M. REZAC
Nevada Bar No. 7435
molly.rezac@ogltreedeakins.com
ERICA CHEE
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
543 Plumas Street
Reno, Nevada 89509
Telephone:  775-440-2373
Fax:  775-440-2376
*Attorneys for Defendant Walgreen Co.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON T. BRANSON,<br><br>              Plaintiff,<br><br>vs.<br><br>WALGREEN CO.,<br><br>              Defendant. | Case No.: 3:15-cv-00203-LRH-WGC<br><br>**STIPULATED PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(e)** |

Defendant Walgreen Co. ("Defendant") and Plaintiff Shannon T. Branson ("Plaintiff"), hereby submit to the Court the following Stipulated Proposed Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(e).

**I.      Procedural History**

Plaintiff filed his Complaint on April 8, 2015 (Dkt. #1) and served Defendant with a copy of the Summons and Complaint on April 13, 2015 (Dkt. #6).  Defendant filed its Answer on June 15, 2015 (Dkt. #14).  In the Complaint, Plaintiff asserts that he has suffered significant medical damages as a result of his termination.  Defendant asserts that there was a legitimate basis for termination and no liability will be found.

Pursuant to this Court's Order dated July 30, 2015 (Dkt. #22), the parties conducted ninety (90) days of discovery.  Thereafter, on October 20, 2015, and continued on February 16, 2016, the

Parties conducted an Early Neutral Evaluation sessions. The ENE on February 16, 2016 was ultimately unsuccessful. Therefore, as per this Court's Order, the parties are submitting this proposed Discovery Plan and Scheduling Order consistent with LR 26-1(e).

**II.     Fed. R. Civ. P. R. 26 Meeting**

As required by Fed. R. Civ. P. 26 and Local Rule 26-1(d), a Rule 26(f) Conference was held on July 6, 2015. Counsel for Defendant, Molly M. Rezac, and counsel for Plaintiff, Terri Keyser-Cooper and Ian Silverberg, attended the conference. The Parties discussed the various discovery and expert issues. This case is more complex than the standard discrimination case. Plaintiff asserts unusual damages.

**III.    Special Scheduling Request**

Per the Court's Order (Dkt. #22), the Parties were ordered to calculate a 180 day discovery plan from the date of the last ENE conference. However, Plaintiff's counsel, Terri Keyser-Cooper, has a long-standing, pre-paid vacation to Eastern Europe commencing on July 7, 2016. She returns on August 1, 2016. Therefore, the parties seek an additional 30-days of discovery due to Ms. Keyser-Cooper's vacation.

**IV.    Proposed Discovery Plan**

Based upon these circumstances, the parties seek special scheduling of discovery as follows:

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. Per the Court's Order (Dkt. #22), the Parties calculated these deadlines from the date of the last ENE conference, February 16, 2016. The parties propose to the Court the following cut-off dates for the first phase of discovery:

a.  **Discovery Cut-off Date:** The discovery cut-off deadline shall be **September 13, 2016,** 210 days from the date of the parties' Fed. R. Civ. P. 26(f) conference on February 16, 2016.

b.  **Amending the Pleadings and Adding Parties:** The deadline to amend pleadings or add parties shall be **June 15, 2016,** ninety (90) days prior to the discovery cut-off date of **September 13, 2016**, in accordance with LR 26-1(e)(2).

c. **Expert Disclosures:** The expert disclosure deadline shall be **July 15, 2016** sixty (60) days prior to the discovery cut-off date of **September 13, 2016**, in accordance with LR 26-1(e)(3). Rebuttal expert disclosures shall be made by **August 14, 2016,** thirty (30) days after the initial disclosure of experts deadline, in accordance with LR 26-1(e)(3). The parties shall have until the discovery cut-off date to take the depositions of the experts. Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rules 26-1(e)(3).

d. **Interim Status Report:** In accordance with LR 26-3, the parties shall file the Interim Status Report by **July 15, 2016, sixty** (60) days prior to the discovery cut-off date of **September 13, 2016**.

e. **Dispositive Motions:** Dispositive motions shall be filed by **October 13, 2016,** thirty (30) days after the discovery cut-off date of **September 13, 2016**, in accordance with LR 26-1(e)(4).

f. **Motions in Limine/*Daubert* Motions:** Pursuant to Local Rule 16-3(b), any motions in limine, including *Daubert*-type motions, shall be filed and served thirty (30) days prior to trial. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs shall only be allowed with leave of court, unless the District Judge issues an order with a different deadline or briefing schedule.

g. **Pretrial Order:** The joint pretrial order shall be filed by **November 12, 2016**, thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

h. **Fed. R. Civ. P. 26(a)(3) Disclosures**: disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereof shall be included in the pretrial order.

f. **Extensions or Modifications of the First Phase of the Discovery Plan and

3

**Scheduling Order**: In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

## V. Initial Disclosures

The Plaintiff and Defendant stipulated to exchange initial disclosures on or before July 21, 2015 and have done so. Plaintiffs served their Initial Disclosure on July 20, 2015. Defendant served their Initial Disclosures on July 21, 2015.

## VI. Issues Related to the Disclosure or Discovery of Electronically Stored Information

At this time, the parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced as a readable image (*e.g.*, .pdf or .tiff) file, while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure.

## VII. Issues Relating to Claims of Privilege or Attorney Work Product

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must

promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**VIII. Limits on Discovery**

The parties agree that discovery will be conducted consistent with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court without limitation or modification of the same other than stated above.

**IT IS SO STIPULATED**:

DATED this 15th day of March, 2016.                           DATED this 15th day of March, 2016.

LAW OFFICE OF TERRI KEYSER-COOPER                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Terri Keyser-Cooper*                                                  */s/ Molly M. Rezac*

Terri Keyser-Cooper                                                        Molly M. Rezac
Nevada Bar No. 3984                                                    Nevada Bar No. 7435
3590 Barrymore Drive                                                   543 Plumas Street
Reno, Nevada  89512                                                    Reno, NV 89509
*Attorney for Plaintiff*                                                      *Attorneys for Defendant*

Ian E. Silverberg
Nevada Bar No. 5501
227 Clay Street
Reno, Nevada  89501
*Attorney for Plaintiff*

**ORDER**

IT IS SO ORDERED:

Dated:    March 16, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

5